168 So. 226

## GIRDNER v. STATE.

### 4 Div. 258.

Court of Appeals of Alabama.
April 7, 1936.

Rehearing Denied May 5, 1936.

E. O. Baldwin, of Andalusia, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

At the October term, 1935, of the Covington circuit court, the grand jury returned an indictment against appellant charging him with the offense of rape upon the woman named in the indictment. The indictment was in proper form and substance, and duly authenticated. At the same term of the court, the defendant was duly arraigned and interposed his plea of not guilty. He was convicted as charged and the jury, as the law requires, fixed his punishment at imprisonment for 10 years. Sentence was passed accordingly, and from the judgment of conviction this appeal was taken.

The court refused the general affirmative charge requested by the defendant, but this action of the court is not reviewable, in the absence of a bill of exceptions. The record upon which this appeal is predicated is regular and without error. The judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.

### On Rehearing.

The appeal in this case is rested upon the record proper. There is no bill of exceptions. Upon consideration of this record it was ascertained by this court to be regular in all respects and no error apparent thereon. As a result, this court rendered a judgment "affirming" the case. The opinion ordering an affirmance was handed down on April 7, 1936; and on April 20, 1936, appellant made application for rehearing wherein it is insisted that the record is irregular and erroneous. In this connection appellant says: "We realize that no bill of exceptions was filed in the cause, but we feel that a re-examination of the record will not disclose a proper arraignment and that the defendant was in court and present at the time of drawing the venire, which was selected for the purpose of trying appellant, or that there was not such a compliance as the Code requires. We understand that the court, even without bill of exceptions or briefs, examines the record, and if the trial judge fails either in the organization of the court or arraignment of the defendant, and the drawing, in capi-

tal cases, of the venire to try the defendant to comply fully with the statute, the case should be reversed."

We will not strike the application for noncompliance with the rules of court.

A further examination of the record confirms our original view of this case, hence the application for rehearing is overruled and denied.

The judgment entry shows the arraignment of the defendant and his plea of not guilty, thus forming the issue upon which the case in the lower court was to be tried and determined. Said judgment also recites, with sufficient certainty, that during all the proceedings of this cause the defendant was present in court attended by his attorney. It also shows a proper and legal adjudication of guilt and a correct sentence pronounced and entered by the court in accordance with the verdict of the jury.

Other insistences incorporated in the purported application for rehearing, supra, are wholly without merit in view of Supreme Court Rule 27, which so far as is pertinent to this case provides: "In criminal cases the transcript shall not contain the organization of the grand jury which found the indictment, nor the venire, special (in a capital case) or general, for any grand or petit jury, nor the organization of regular juries for the week or term at which the case was tried, nor the order of the court for service of the copy of the venire or indictment upon the defendant or the sheriff's return to said order, unless some question thereon was raised before the trial court and there decided."

No further discussion is necessary.

Application for rehearing overruled.